## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **GRADY TAYLOR, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-226-MTT-ALS** |
| | : | |
| **Sheriff JOEL COCHRAN,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

*Pro se* Plaintiff Grady Taylor, Jr., a prisoner at Jefferson County Correctional Institution in Louisville, Georgia, filed a 42 U.S.C. § 1983 action. (Doc. 1). On July 10, 2025, Plaintiff was ordered to pay a partial initial filing fee (Doc. 11), and he has now paid that fee. As explained below, Plaintiff is **ORDERED** to recast his complaint to comply with the Federal Rules of Civil Procedure and to address the deficiencies noted by the Court. Given this Court's order to recast, Plaintiff's motion for leave to amend his complaint (Doc. 21) is **DENIED as moot**.

## INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal district court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." On May 27, 2025, Plaintiff filed a thirteen-page Complaint ("Initial Complaint"). (Doc. 1). The Initial Complaint attached eight-four (84) pages of exhibits and asserts multiple legal claims against nine (9) defendants.[1] Plaintiff generally claims that the defendants, whether acting individually or together, denied his right to access the courts, failed to

---

[1] The defendants named in the Initial Complaint include Sheriff Joel Cochran, Captain Amy Watson, Investigator Trey Burgamy, Jailer Officer Phillips, Probation Officer Vincent Dennis, Officer Trishanne Mountain, Sergeant Charlene Lewis, the Middle Judicial Circuit DA's Office, and Sergeant Chevette Hicks. (Doc. 1, at 4, 6-9).

provide protection, retaliated against him because of a previous lawsuit, violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments, infringed upon his due process rights, defamed and discriminated against him, used excessive force, and subjected him to double jeopardy. (*See* Doc. 1). Specifically, Plaintiff complains that his identity as a confidential informant was exposed when he was forced to testify against multiple individuals in a state criminal proceeding. (Docs. 1, at 5-8; 21). Plaintiff also raises several unrelated claims regarding the conditions of his confinement while he was incarcerated in 2023 at the Washington County jail, including the lack of access to a library. (Docs. 1, at 5-9; 21). On September 8, 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Doc. 21). Attached to the one-page motion are more than thirty (30) pages of the same exhibits Plaintiff previously submitted in support of his Initial Complaint. *Id*. The Court construes Plaintiff's motion as a request to amend his complaint to assert additional claims against District Attorney John A. Tripp Fitzner III, Chief Judge Bobby Reeves, County Commissioner Doug Watkins, County Administrator Derek Durden, County Solicitor Michael Howell, and Public Defender Gina Karrh. (Doc. 21). The Court reviewed the Initial Complaint, as well as Plaintiff's Motion for Leave to File an Amended Complaint and concludes that they are subject to dismissal for multiple reasons.

First, and most importantly, the Initial Complaint is subject to dismissal because it joins unrelated claims and defendants in a single action. The Initial Complaint and the Motion for Leave to File an Amended Complaint assert claims against the following defendants:

- Sheriff Joel Cochran for "allowing [Plaintiff] to be sent to prison . . . to be killed";
- Captain Amy Watson for "cruel and unusual punishment" for housing him in booking for 33 days without any outside time in a "filthy nasty cell where [an] inmate had died at and cell had not been cleaned in years with excrement (feces) on floor of cell";
- Investigator Trey Burgamy for failing to read Plaintiff his Miranda rights before using him as a confidential informant, failing to pay Plaintiff for his services as a confidential informant, and for exposing Plaintiff as a confidential informant;

- Probation Officer Vincent Davis for failing to correct a petition to violate Plaintiff's petition;
- The Middle Judicial Circuit DA's office for due process violations, exposing Plaintiff as a confidential informant; obstruction of justice, and defamation;
- Officer Trishanne Mountain for exposing Plaintiff as a confidential informant
- Jailer Officer Phillips for excessive use of force that results in the "shattering [of Plaintiff's] elbow";
- Sgt. Charlene Lewis for restricting Plaintiff's telephone privileges;
- Sgt. Chevette Hicks for making Plaintiff use a pay phone while allowing other inmates to use a county telephone;
- District Attorney John A. Tripp Fitzner III for "illegally indicting [Plaintiff] on a charge in which [Plaintiff] as never arrested" in violation of Plaintiff's due process rights;
- Chief Judge Bobby Reeves for "violating [Plaintiff's] 1st Amendment right to access the court" by not ruling on Plaintiff's pending motions
- Public Defender Gina Karrh for ineffective assistance of counsel;
- County Commissioner Doug Watkins for failing to supervise Sheriff Joel Cochran and not demanding the resignation of Sheriff Cochran
- County Administrator Derek Durden for being in "cahoots with Michael Howell and Sheriff Joel Cochran allowing corruption and breaking the law";
- Solicitor Michael Howell for "forging [Plaintiff's] initials on a warrant"

*See* (Docs. 1; 21, at 1).

Plaintiff raises several unrelated claims including but not limited to malicious prosecution, conditions of confinement claims from his incarceration at the Washington County jail; unsanitary conditions at either the Baldwin County Jail or Wilkinson County Jail, "conspiracy to attempt murder" claim against Capt. Watson, Sgt. Lewis, and Officer Mountain, excessive force claim against Officer Phillips, and possible due process claims against Defendants Sgt. Lewis and Sgt. Hicks. (*See* Docs. 21; 1, at 5-10). Under Federal Rule of Civil Procedure 18(a), a plaintiff may generally bring as many claims as he has against a single defendant. However, a plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants

will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B).

"To determine if claims arise out of the same transaction, occurrence, or series of transactions or occurrences, [the Eleventh Circuit] use[s] the logical relationship test, which asks whether 'the same operative facts serve as the basis of [the] claims.'" *Daker v. Barnes*, No. 21-13801, 2024 WL 3373557, at *3 (11th Cir. July 11, 2024) (quoting *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). "[A] logical relationship [exists] when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" *Republic Health Corp.*, 744 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs, Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).[2] For there to be a logical relationship, the claims must "arise from common operative facts." *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

In this case, many of the claims do not appear to meet either of the requirements of Rule 20(a). Here, there are no common operative facts underlying Plaintiff's various claims other than he is the common denominator in each allegation. Simply because alleged events occur to one Plaintiff during his incarceration does not necessarily make claims about those allegations related under Rule 20. *See e.g.*, *Skillern v. Ga. Dep't. of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (finding that allegations of isolated and unrelated incidents of deliberate indifference did not comply with Rule 20(a)). Thus, if Plaintiff still wants to raise § 1983 claims for malicious prosecution, the unsanitary conditions of his confinement at Baldwin or Wilkinson County jails, conditions of his confinement in the Washington County Jail, excessive force claim against Officer

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Phillips, "conspiracy to murder" claims against Washington County officers, and/or due process claims against Washington County officers, then he must raise these claims in separate civil actions and he must address the filing fee for each civil action that he files.

Second, Plaintiff has neither complied with Rule 8 nor Rule 10(b) of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure mandates that a civil complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and a demand for judgment for the relief the pleader seeks. Moreover, Rule 10(b) of the Federal Rules of Civil Procedure requires that a "party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

The Initial Complaint is an improper shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (describing the types of shotgun pleadings). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022) (alteration in original) (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)). A shotgun pleading presents conditions "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). The leniency afforded to *pro se* litigants does not permit them to file an impermissible shotgun pleading. *See Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). The United States Court of Appeals for the Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets in countless ways." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Such pleadings divert already stretched judicial resources into

disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Accordingly, because it is impossible to tell which allegations are associated with which defendants and which claims, Plaintiff's claim is subject to dismissal for being a shotgun pleading and he must recast his claims. *Arrington*, 757 F. App'x at 797.

Third, Plaintiff is further advised that his conspiracy claims are vague and fail to state sufficient factual detail to state a claim for relief.  Although a complaint need not include detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions," and the factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[N]aked assertion[s]' devoid of 'further factual enhancement'" cannot suffice to meet the Rule 8 pleading standard and a plaintiff must assert more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" to state a valid claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557, 555) (second alteration in original). And while the Court must "take all the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Additionally, when a claim is rooted in allegations of a conspiracy, "[i]t is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) (citations omitted). "[A]llegations of conspiracy must be specific and based upon facts rather than conclusions." *Van Bethel v. Carter*, No. 5:12–cv–1153-RDP-HGD, 2012 WL 5932682 at *2, (N.D. Ala. Oct. 12, 2012), *adopted by* 2012 WL 5932675 (N.D. Ala. Nov. 27, 2012). To state a conspiracy claim, a plaintiff must, in part, show that the defendants reached an understanding to violate his rights. *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992); *see also Harvey v. Harvey*,

949 F.2d 1127, 1133 (11th Cir. 1992) (finding that a plaintiff cannot "merely string together" adverse acts of individuals as evidence of a conspiracy). Thus, the "naked assertion of a conspiracy . . . without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Finally, as to Plaintiff's claims that he was wrongfully convicted and is now wrongfully incarcerated, Plaintiff is advised that he may not pursue a § 1983 claim in federal court which would render a conviction or sentence invalid until he first shows that the conviction or sentence has already been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Luke v. Gulley*, 50 F.4th 90, 95 (11th Cir. 2022) (internal quotation marks omitted) (finding that a plaintiff must prove in a § 1983 malicious prosecution claim that (1) "the defendant violated [the plaintiff's] Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against [the plaintiff] terminated in his favor."); *but cf. Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (finding that claims regarding parole consideration are permitted under § 1983 because success "does not mean immediate release from confinement or a shorter stay in prison").

Plaintiff is also advised that Defendants such as the District Attorney and Judge overseeing his criminal prosecution are generally immune from liability for § 1983 claims. *See Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)) ("'[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.'"); *Allen v. Fla.*, 458 F. App'x 841, 843 (11th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)) ("Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in

'complete absence of all jurisdiction.'").

For all the reasons stated above, Plaintiff's present complaint is subject to dismissal. Rather than recommending dismissal, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."); *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies.").

Thus, Plaintiff is **ORDERED** to submit a recast complaint that complies with the Federal Rules of Civil Procedure and addresses the other previously identified deficiencies in his Initial Complaint if he wishes to proceed with this civil action. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his pre-trial incarceration and his conviction as he has presently done. Plaintiff is to recast his complaint to include only related claims. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or this entire civil action may be dismissed for failure to comply with an order of the Court.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1)     What did this Defendant do (or not do) to violate your rights?  In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)     Is the Defendant a supervisory official[3] and if so, was he/she personally involved in the constitutional violation?  If not, how did his/her actions otherwise cause the unconstitutional action?  How do you know?

(3)     When and where did each action occur (to the extent memory allows)?

(4)     How were you injured because of this Defendant's actions or inactions?

Plaintiff is notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Thus, Plaintiff's recast complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint (Doc. 1) or the motion to amend (Doc. 21) to see if Plaintiff has stated a viable claim.

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form. Additionally, Plaintiff should state his claims as simply as possible referring only to the relevant allegations against his named defendants in this case. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his recast complaint against a named Defendant, that

---

[3] Plaintiff is advised that he cannot simply name supervisors such as County Commissioners, Sheriffs, or Wardens based solely on their official capacities and supervisory roles. Supervisory officials are not liable under § 1983 on the basis of respondeat superior or supervisory liability. Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 172 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Defendant will be dismissed.

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law. **Plaintiff is not to include any exhibits or attachments** as he has done with the filing of his original complaint (Doc. 1) and motion to amend complaint (Doc. 21). ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

As discussed above, Plaintiff's motion to amend his complaint (Doc. 21) is **DENIED as moot**. Plaintiff is **ORDERED** to recast his complaint to comply with the Federal Rules of Civil Procedure and to address the other previously discussed deficiencies of his original complaint. Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service in this case until further order of the Court. The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED**, this 22nd day of September, 2025.

s/  **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE